**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10030 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00440-FRZ |
| v. | |
| JULIAN ALMADA-BUENO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Julian Almada-Bueno appeals from the district court's judgment and

challenges the 48-month sentence imposed following his jury-trial conviction for

reentry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we vacate and remand.

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Almada-Bueno contends that the district court erred by denying his request for a reduction to his offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. "We review de novo whether the district court misapprehended the law with respect to the acceptance of responsibility reduction." *United States v. Cortes*, 299 F.3d 1030, 1037 (9th Cir. 2002). At the sentencing hearing, the district court stated: "So technically under the way the guidelines work, it appears that he did go to trial. He went to trial because he chose a trial. Based on that I can't find that there is a basis for an adjustment under acceptance of responsibility." From this, we cannot determine whether the district court incorrectly believed that Almada-Bueno was ineligible for an acceptance of responsibility reduction because he went to trial. *See id.* at 1038 (a defendant is eligible for an acceptance of responsibility reduction even if he goes to trial). Because the district court did not squarely rely on any other basis in the record for denying Almada-Bueno the reduction, we vacate Almada-Bueno's sentence and remand to the district court to reconsider his eligibility for the reduction. *See id.* at 1039. We express no opinion on the merits of whether Almada-Bueno is entitled to a reduction.

**VACATED AND REMANDED.**

14-10030